1811.

Roseberry
vs
Seney

·Peter, Cro. Jac. 483. Touteng vs. Hubbard, 3 Bos. &
Pull. 295, 296, (note;) and 1 Com. on Cont. 354, p.
Lawrence, J.

Martin and W. Dorsey, for the Appellee, cited Smith
vs. Wilson, 8 East, 437. Molloy, 370; and Curling vs.
Long, 1 Bos. & Pull. 634.

JUDGMENT AFFIRMED.

---

Dec. (E S.) ROSEBERRY & STEVENS vs SENEY, et al. Lessee.

*If the term of a demise in the declaration in an action of ejectment, expired before the verdict and judgment in the court below, the judgment is erroneous, and on appeal will be reversed.*

*In such a case the court below, under a procedendo directing a new trial, may enlarge the term of the demise.*

*Where the plaintiff in ejectment gave in evidence a certificate of survey of the land for which the action was brought called Notlar's Desire, made for N C m 1685, without showing a patent for the land; also a deed from R C to M F, dated in 1729, for part of a tract of land called Notley's Desire,——Held, that the deed could not be read in evidence.*

*If a deed from H to N for part of a tract of land, has been located on the plots, then a deed from H and N to J, for the same part of the said tract of land, need not also be located.*

APPEAL from Queen-Anne's County Court. Ejectment for a tract of land called Notlar's Desire, containing 198 acres, on a joint demise by the lessors of the plaintiff, (now appellee,) for six years from the 1st of March 1801. Defence was taken on warrant, and plots were made.

1. At the trial in October 1809, the plaintiff, in deducing his title to the land for which the action was brought, offered in evidence the certificate of the tract of land called Notlar's Desire, containing 198 acres, made for Nicholas Clouds, on the 4th of July 1685, without showing a patent for the tract called Notlar's Desire. He then offered in evidence an instrument of writing, purporting to be a deed of bargain and sale from Richard Clouds to Michael Fling, dated the 5th of August 1729, for 38 acres, described by metes and bounds, being part of a tract called Notley's Desire. The defendants, (the appellants,) objected to the reading of this paper to the jury, and prayed the court to reject the same. But the Court, [Purnell and Worrell, A. J.] was of opinion that it was proper and legal evidence, and admitted it to be read. The defendants excepted.

2. The plaintiff then gave in evidence sundry mesne conveyances from Nicholas Clouds, for whom the survey of Notlar's Desire was made, to Joshua Seney, the father of the lessors of the plaintiff, and from whom it was admitted that they claimed by descent. The plaintiff had located on the plots in the cause the deed from Richard Clouds to Michael Fling. He had also located a deed from Thomas Hamer to David Nevill, dated the 17th July 1783, for three and a half acres, described by courses and distances, part of a tract called Notley's Desire; but had not located

the deed, under which the plaintiff claims title, from *Thomas Hamer* and *David Nevill* to *Joshua Seney*, dated the 26th of February 1785, for the same part of the tract called *Notley's Desire.* as mentioned in the deed from *Hamer* to *Nevill.* The defendants took defence for certain lands designated on the plots, and claimed the same as part of a tract called *Brotherhood*; and they prayed the court to direct the jury, that the plaintiff was not entitled to recover any part of the premises, unless the deed, under which he claimed, from *Hamer* and *Nevill* to *Joshua Seney*, was located on the plots. But the court refused to give this instruction to the jury, being of opinion there were sufficient locations on the plots to entitle the plaintiff to recover. The defendants excepted; and the verdict and judgment being against them, they appealed to this court.

The cause was argued before POLK, NICHOLSON, and JOHNSON, J.

*Hammond*, for the Appellants, contended, that as the term of the demise laid in the declaration had expired before the trial in the court below, no judgment ought to have been entered for the plaintiff below. If the term expires pending the suit, the plaintiff cannot recover the possession. *Runn. Eject.* 121, 122.

On the *first* bill of exceptions, he contended, 1. That the certificate of survey gave no title without a patent for the land; that a patent cannot be presumed, unless possession of the land has gone with and under the certificate of survey; and that an action of ejectment cannot be supported upon a certificate of survey, where no patent had been granted. He cited *Seward's Lessee vs. Hicks*, 1 *Harr.* & *M·Hen.* 22; and *Sollars's Lessee vs. Bowen. Ibid* 198.

2. That if an action of ejectment can be maintained on the certificate of survey without a patent, yet the deed from *Clouds* to *Fling*, for part of a tract of land called *Notley's Desire*, cannot be evidence of a title under a certificate of survey for a tract called *Notlar's Desire*.

*Carmichael*, for the Appellee. 1. The demise laid in the declaration is mere matter of form and not substance. As the courts do not require proof of the lease stated in the declaration, so this court will not require proof of its

1811.

Roseberry
vs
Seney

continuance. *Runn. Eject.* 106. As the plaintiff might before verdict have amended and enlarged the term of the demise, so the verdict will cure the defect of the fictitious lease having expired. The act of 1809, *ch.* 153, cures the defect, if there be any.

2. The objection in the *first* bill of exceptions to the deed from *Clouds* to *Fling*, was not to its sufficiency, but to its being read. The deed might not have been sufficient evidence of itself; but if with other evidence, which the plaintiff might have produced, it could have been made sufficient, it ought to have been read to let in such other evidence. If the patent had been lost, how was the loss to be supplied, except by permitting the various conveyances to be read, and proof of possession accompanying them? And yet how can that be made to appear, except by taking the different conveyances in succession? *Notley's Desire*, and *Notlar's Desire*, were the same. But if it was doubtful whether the land was the same, yet the deed ought to have been read to enable the plaintiff to prove it was the same. The deed and the certificate of survey do not correspond in the description, because the deed is only for part of the tract of land included in the certificate.

3. The *second* bill of exceptions, in addition to the evidence offered in the *first*, states that sundry mesne conveyances were produced, deducing the title down to the ancestor of the lessors of the plaintiff. These deeds were all located on the plots, except that from *Hamer* and *Nevill* to *Seney*, which was for the same part of the tract as that conveyed from *Hamer* to *Nevill*, and as the last mentioned deed was located on the plots, the court below very properly permitted the deed from *Hamer* and *Nevill* to *Seney* to be read, as there was a sufficient location on the plots of the part conveyed by that deed.

*Hammond*, in reply. 1. If the lease stated in the declaration is matter of form, still it is a form which must be pursued. The circumstance of the plaintiff's being forced to enlarge the term of the demise, if it has expired, shows that the form must be adhered to. If the defendant refuses to confess the lease, entry and ouster, the plaintiff is forced to take his judgment against the casual ejector. The act of 1809, *ch.* 153, does not embrace this case; for as the court below could not amend after verdict, neither can

this court. 2. This court must decide on the facts stated in the bill of exceptions. If the tract of land had acquired by reputation a different name from that given in the certificate of survey, the plaintiff should have described it as *Notlar's Desire*, otherwise called *Notley's Desire*; and not having done so, he must be confined to the name mentioned in his declaration. Although the deed from *Clouds* to *Fling*, with other evidences of title, might be proper to be read, yet without them the deed could not be proper evidence. There is nothing to show why the court dispensed with a patent for the land, except the certificate of survey, and the deed. The court are not bound to permit to be read in evidence any deed or paper the counsel may require to be read; but the counsel must show the relevancy of the deed or paper to the case before the court.

THE COURT were of opinion, that there was error in the judgment, because the term of the demise stated in the declaration had expired before the trial in the court below. They *dissented* from the opinion of the court below in the *first* bill of exceptions, but *concurred* in the opinion in the *second* bill of exceptions; and they awarded a *procedendo*, being of opinion, that when the record went back for a new trial, the court below could enlarge the term of the demise.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.